The opinion of the Court was delivered at this term by
Putnam, J.
(After stating the facts at the trial from the judge’s report.) The act, for the violation of which the vessel in this case was seized, provides, that, if the vessel should not be seized for such offence, the owners, &c., shall forfeit and pay double the value, and be deprived of any credit afterwards at the custom-house. This vessel was seized after the sale to the plaintiff.
The case presents the question, whether a bond fide sale of a vessel is defeated by seizure and condemnation for an offence committed before the sale ; or, in other words, whether the title of the United States accrues on the commission of the offence, or on the condemnation of the vessel offending.
At common law, this case would be free from difficulty. It is very well settled, that the forfeiture of chattels relates to the time of conviction only, and does not extend to the time when the offence was committed. Thus, bond fide sales of goods and chattels, made even by felons and traitors, after the treason or felony, but before the conviction, are protected and deemed valid. (3)
But it has been contended for the plaintiff, that this doctrine has been shaken by the decision of the Supreme Court of the United States in the case of the Mars, and in some other decisions of a more recent date.
These decisions were made upon the non-intercourse act, passed the 28 th of June, 1809 ; and are grounded upon the words of the act. That act provided for a forfeiture of the vessel for the offence described ; but does not present the alternative of proceeding against the owners for double the value, if she should not be seized. We should *feel ourselves bound by a decision of that highly respectable court, if we knew of any, applicable to the case at bar.
The case of The United States vs. Grundy & al., referred to in the argument, is analogous to the present, and in our view consonanl *152 to reason and justice. That case involved a construction of the act of 1792, relative to the procuring of registers for ships, and providing, that, if any person should take a false oath to procure a register, the vessel or the value should be forfeited. T^he party, who took the false oath, afterwards sold the vessel, and became a bankrupt; and the question was, whether his assignees were not liable to the United States for the value of the vessel. The Court decided, that, until the United States made their election to seize the vessel, the property remained in the former owner ; and the sale was protected, having been made before the United States elected whether they would proceed against the ship, or for the value.
Tt was wholly uncertain, long after the sale of the Julia, whether she would be seized or not. It cannot be contended, that tlie remedies are cumulative ; that the vessel was forfeited, and the property vested in the United States; and also that they might proceed for the double value. If they had elected to proceed in personam, they would never have had any right to proceed in rem. It is clear to us, that their title can relate, at furthest, only to the time when they manifested their intent to seize.
The plaintiff ought, therefore, to have claimed this vessel. It is well known, if he had, that, from the course of decisions in the Circuit Court, she would have been-restored, even if she had been in the same situation as was the Mars; and, as the Julia was of less value than $ 2000, the decision of that Court would have been final.
But we do not ground our opinion upon this circumstance ; as the case of the Mars’ has been overruled, and the forfeiture extended beyond the rule of the common law. The distinction between an absolute and a contingent forfeiture, therefore, becomes material. In the former case, * we should hold ourselves bound by the opinion of the court having final jurisdiction ; as it is giving a construction to a statute of the United States. But in the case at bar we are not disposed to go further than the Supreme Court of the United States has gone, and to extend the claim of the United States beyond the time when the vessel was seized.
The plaintiff has, therefore, no claim for damages, because, in our opinion, he might have successfully claimed the vessel in the Admiralty. His title was perfected before that of the United States commenced. We are all, therefore, of opinion, that the verdict, in jhis case, must be set aside, and a

Mew trial granted.

 8 Co. 171.